IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| MY KIDZ DENTIST, P.C. | ) | Case Nos. 19-12506, 19-12507 |
| | ) | and 19-12508 |
| | ) | |
| | ) | **Jointly Administered Under** |
| | ) | **Case No. 19-12506-WHD** |

**MOTION TO APPOINT CHAPTER 11 TRUSTEE
OR EXAMINER AND REQUEST FOR EVIDENTIARY HEARING**

Comes now Community Bank of Pickens County ("Movant"), secured creditor and Movant herein, and pursuant to 11 U.S.C. §§ 105 and 1104, respectfully requests that this Court schedule an evidentiary hearing and, based on the evidence in this matter, enter an Order appointing a Chapter 11 Trustee or an Examiner, and in support thereof, respectfully provides as follows:

1.

Debtors filed their Chapter 11 bankruptcy cases on December 13, 2019 (the "Petition Date") which are jointly administered by ordered dated January 27, 2020 [Doc 68].

2.

Since the filing of the cases, Debtors have continued in possession of their property and operation of the businesses as Debtors in Possession ("DIP") in accordance with 11 U.S.C. §§ 1107(a) and 1108. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A). Debtors' businesses are pediatric dental practices that serve, among other patients, special needs children.

*Relevant Facts*

3.

Movant is a secured creditor holding two SBA backed loans secured by the business assets of two of the Debtors, My Kidz Dentist, P.C.'s ("My Kidz Newnan") and My Kidz Dentist of Carrollton, LLC's ("Carrollton"), including, but not limited to, accounts, equipment, inventory, furniture, and fixtures. The amounts owed to Movant at the time of Debtors' bankruptcy filings were $596,152.86 and $535,776.73 with interest continuing to accrue.

4.

Prior to the Debtors' filing Chapter 11 bankruptcy cases, Movant obtained a Consent Judgment dated November 14, 2019, and a Consent Order for Writ of Possession and Turnover Order dated December 4, 2019, copies of which are attached to Movant's proofs of claim filed in the lead case [Claims Nos. 5 and 6] and in the Carrollton case [Claims No. 1 and 2].

5.

Movant has learned after the Petition Date that the Debtors had entered a Consent Order around November 1, 2019 with another creditor, Viva Capital Funding, LLC ("Viva"), that was factoring Debtors' accounts receivables. When Debtors failed to comply with the Consent Order, Viva obtained a Contempt Order dated December 5, 2019 against the Debtors.

6.

Movant has further learned after the Petition Date that Debtors had taken out several short term, high interest rate loans to try to cover costs and expenses, while at the

same time paying Dr. Lorna Bibbs who owns 100% of the shares of the Debtors, a monthly salary of approximately $20,000.00. Dr. Bibbs claims that she wasn't paid her monthly salary in October or November 2019.

7.

Movant further learned after the Petition Date that Debtors and Dr. Bibbs had entered a Settlement Agreement in June 2018 with creditor Avesis Incorporated to repay what was originally an overpayment to Debtors for dental services billed to insurance in the amount of $577,454.00 which had been reduced to approximately $195,923 at the Petition Date. Consent Orders have been entered in the respective bankruptcy cases between the parties to allow continued recoupment of the insurance overpayments.

8.

At the 341 meeting of creditors for all Defendants held on January 14, 2020, Dr. Bibb's testimony was not clear about what had happened to the Debtors' accounts receivable between the date of the Viva Consent Order on November 1, 2019 and the Petition Date after several attempts to elicit the specific information. The testimony raises issues about where the proceeds from the services of Debtors' practices were being deposited and to and by whom they were disbursed during that period of time. This is the same period of time that Dr. Bibbs testifies she wasn't paid any salary, but that she had personal bank accounts at the same banks as the practices and failed to confirm in her testimony that the proceeds were deposited in the Debtors' bank accounts.

9.

Dr. Bibbs also testified at the 341 meeting of creditors that for almost a year, while she was handling an injury and personal business outside of the practices, she put a

business manager in place who did not keep her informed about the financial difficulties the practices were having and who is responsible for taking out multiple short term loans with high interest rates without Dr. Bibbs' knowledge to cover the shortfalls.

10.

Even when Dr. Bibbs discovered the account insufficiencies in February 2019, instead of explaining to all creditors the problems and negotiating with the creditors, she chose to tell each creditor that she was in the process of selling her practices to pay the creditor's obligation in full, which Movant heard as far back as February 2019. Movant was not aware of and was not told about the multiple short-term loans and the factoring of accounts receivable on which Movant already had a lien.

11.

The timing of Debtors' Chapter 11 filings appears to be in large part to thwart Movant's and other creditors legitimate collection efforts while Debtors continue to control and disburse Movant's and other creditors cash collateral. It appears that just prior to the bankruptcy filings, counsel for Viva had been demanding that Debtors comply with a Contempt Order regarding the accounts receivable by requiring that Debtors turn over the excess accounts receivable to Viva.

12.

Since the Petition Date, Debtors have entered into two interim cash collateral orders, the second of which [Doc 80] requires copies of the weekly printouts of the DIP accounts to be provided to the secured creditors listed and the U.S. Trustee's counsel on Friday which should have started on January 31, 2020 (para. (k), page 4). As of the date of filing this Motion, Movant has not received any printouts.

13.

The second interim cash collateral order show significant reduced monthly income for the Debtors on budgets attached for each location based on what the Debtors' explained were the true net collections versus the billed amounts that were reflected on the budgets attached to the first interim order.

14.

Based on the lack of financial transparency and the history of mismanagement of Debtors' business affairs, Movant is skeptical that the true cash flow for Debtors' practices could lead to a viable reorganization; however, it appears that the cash collateral and business collateral should be supervised more closely on behalf of all of the creditors until such time as a plan can be proposed or a proposed sale approved. A Trustee may also be needed in this case to review any litigation claims against former employees, insiders or for other preferential payments.

15.

In the alternative, Movant requests that the Court consider the appointment of an Examiner to undertake a prompt and impartial investigation into the financial affairs of the Debtors and any mismanagement thereof.

### *Argument and Citations of Authority*

16.

Pursuant to 11 U.S.C. §§1107(a) and 1108, a Debtor in Possession operates a Chapter 11 business as a fiduciary in Chapter 11, subject to restrictions placed on the DIP under the Bankruptcy Code. *See*, 11 U.S.C. §1107. Transactions outside of the ordinary course of business require the approval of the bankruptcy court pursuant to 11 U.S.C.

§ 363(b)(1) and compensation to insiders is generally approved pursuant to 11 U.S.C. § 503. Debtors' admit that the business accounts have been mismanaged in the past few years and that Debtors have been taking out short term, high interest rate loans and factoring accounts receivable to continue appropriate cash flow; however, Dr. Bibbs testified at the 341 meeting, or failed to testify, what was happening with the business accounts and proceeds during the several months just prior to the bankruptcy filings. While she testified that she was working with creditors to get back try to get back to a good financial position for the practices, the creditors cannot be sure that the expenditures for the last few years are all "ordinary" and "necessary" "business" expenses that are in "good faith", are reasonable, and in the sound business judgment of the Debtors, while the secured creditors haven't been paid in months. *See*, 11 U.S.C. § 363(b)(1), *See also, In re Pilgrim's Pride Corp.*, 401 BR 229 (Bankr. ND Tex. 2009); *In re Industrial Valley Refrigeration and Air Conditioning Supplies, Inc.*, 77 BR 15 (Bankr. ED Penn. 1987).

17.

After notice and hearing, the Court shall order the appointment of a Chapter 11 Trustee for cause at any time after the commencement of a case on the request of a party in interest. 11 U.S.C. §1104(a)(1). "Cause" may include incompetence or "gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause…" Alternatively, the Court may appoint a Trustee if it is in the interests of creditors. 11 U.S.C. §1104(a)(2).

18.

The decision whether to appoint a trustee is fact intensive and the determination must be made on a case by case basis. *In re: Intercat, Inc.,* 247 B.R. 911, 921 (Bankr. S.D. Ga.

2000). Factors on which the decision to appoint a trustee include: 1) Materiality of the misconduct; 2) Evenhandedness or lack of same in dealings with insiders or affiliated entities vis-à-vis other creditors or customers; 3) The existence of pre-petition voidable preferences or fraudulent transfers; 4) the unwillingness or inability of management to pursue estate causes of action; 5) conflicts of interest on the part of management interfering with its ability to fulfill fiduciary duties to the debtor; and 6) Self-dealing by management or waste or squandering of corporate assets. *Id.* In *Intercat*, the Court found that cause existed for the appointment of a Chapter 11 Trustee because of several factors, including Debtor's manager paying excessive compensation to himself, paying personal expenses with Debtor's proceeds, and other mismanagement of company property for which the manager would be responsible as a fiduciary of the Debtor to aggressively pursue an investigation and prosecute litigation to recover the transactions to himself and related insiders.

19.

The Court in *Intercat* determined that the powers granted to the Trustee could be limited to the financial matters of the Debtor since the managers of the Debtor, while mismanaging the financial affairs, had appropriately run the business affairs. Similarly, in this bankruptcy case, the business appears to be bringing in large receipts that are then being mismanaged and paid out inappropriately. The Court appointed the Trustee in *Intercat* with the limited power to (1) oversee the financial management of the company and (2) investigate and prosecute all estate causes of action, while the managers continued to run the business. *Id.* at 925.

20.

The evidence shows that the Debtors have failed to be transparent to the creditors regarding their use of their business accounts and proceeds, which is Movant's Cash Collateral, have failed to properly manage the business accounts and financial affairs even up to the eve of the Petition Date, have used bankruptcy to stop creditor collection, and have failed to pay legitimate business debt including Movant, all factors which provide a significant basis for "cause" for the appointment of a Chapter 11 Trustee, even if one with limited powers as set forth herein.

21.

Movant has carried its burden of proof, by clear and convincing evidence, that cause exists for the appointment of a trustee and, alternatively, that appointment of a trustee is in the interests of creditors of the estate. 11 U.S.C. §1104. *In re Intercat, Inc.*, supra, *In re Sharon Steel Corp.*, 871 F2d 1217 (3d Cir. 1989); *In re Sullivan*, 108 BR 555, 556 (Bankr. ED Pa. 1989).

22.

In the alternative, Movant requests that this Court consider the appointment of an Examiner to undertake a prompt, impartial investigation into Debtors' business accounts and financial management.

23.

A bankruptcy court shall order the appointment of an examiner "to conduct such an investigation of the debtor as is appropriate, including the investigation of any allegations

of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor of or by current or former management of the debtor if the appointment is in the best interest of creditors, any equity security holders, and other interests of the estate." 11 U.S.C. § 1104(c).

24.

In this case, there is no doubt that there has been mismanagement prior to the bankruptcy filing of Debtors' business affairs that went on for several years. Therefore, an examiner in this case would provide a valuable contribution into the status of the ongoing business, their feasibility of sale or reorganization, and any reporting regarding whether the accounts and proceeds of the Debtors have been or are currently being used improperly or inefficiently.

WHEREFORE, Movant respectfully requests that this Court:

(a)     Hold an evidentiary hearing on this Motion;

(b)     Appoint a Chapter 11 Trustee to take control of the Debtor's financial affairs so as to prevent further deterioration of the estate to the detriment of creditors, to marshal all assets for the benefit of creditors, to prevent any loss of potential assets, prosecute all causes of action of the Debtor, and determine the feasibility of a sale of the assets or of proposing a Chapter 11 Plan of reorganization; or

(c)     In the alternative, appoint an Examiner to, among other actions, promptly investigate the financial affairs of the Debtor; and

(d) Grant such other and further relief as to this Court may appear just and appropriate.

This 7th day of February, 2020.

/s/
Lynn L. Carroll
Georgia Bar No. 465360

**GOLDER LAW, LLC**
101 Village Parkway
Building 1, Suite 400
Marietta, Georgia 30067
404/252-3000
lcarroll@golderlawfirm.com

# CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the following a copy of the foregoing *Community Bank of Pickens County's Motion to Appoint a Chapter 11 Trustee or Examiner and Request for Evidentiary Hearing* by placing a copy of same in the US Mail with sufficient postage affixed thereon to ensure delivery to:

My Kidz Dentist, P.C.
1741 Newnan Crossing Boulevard
Newnan, Georgia 30265

Steven Maniloff
Montgomery, McCracken, Walker & Rhoads
1735 Market Street, 21st Floor
Philadelphia, Pennsylvania 19103

Sychrony Bank
c/o PRA Receivables Management, LLC
Post Office Box 41021
Norfolk, Virginia 23541

Sapphire Venture Capital, LLC
ProABC
c/o Derek Leonard
2245 Texas Drive, Ste. 300
Sugar Land, Texas, 77479

Stearns Bank, N.A.
4140 Thielman Lane
St. Cloud Minnesota 56301

And all parties on Exhibit A attached hereto.

The following parties will receive electronic service in this case through the electronic filing system:

Ian M. Falcone
Jonathan S. Adams
Mallory Velten
R. Brian Wooldridge

Jeremy T. McCullough
J. Hayden Kepner, Jr.
Mark Allan Baker
Elizabeth J. Bondurant

This 7th day of February 2020.

/s/
Lynn L. Carroll
Georgia Bar No. 460365

**GOLDER LAW, LLC**
101 Village Parkway
Building 1, Suite 400
Marietta, Georgia 30067
(404) 252-3000

**EXHIBIT A**

Alliance Orthodontics
1124 N. Park Street
Suite S
Carrollton, Georgia 30117-2282

Bank of America
Post Office Box 982238
El Paso, Texas 79998-2238

CapFlow
201 State Rt. 17 N., Suite 805
Rutherford, New Jersey 07070-2557

ADT Protection 1
Attention: Bankruptcy Processing
3190 South Vaughn Way
Aurora, Colorado 80014-3512

Alliance Orthodontics
1741 Newnan Crossing
Newnan, Georgia 30265-1599

Blalock Heating and Air
111 Church Alley
Brooks, Georgia 30205-1814

Capitol Services
Post Office Box 1831
Austin, Texas 78767-1831

Alfa Advance, LLC
31-10 37th Avenue, Suite 202
Long Island City, New York 11101-2112

Balboa Capital
Post Office Box 15270
Irvine, California 92632-5270

Ansafone
101 NE 2nd Street
Ocala, Florida 34470-6642

CSC
801 Adial Stevenson Drive
Springfield, Illinois 62703-4261

Chase Ink Business Card
Card Services
Post Office Box 15298
Wilmington, Delaware 19850-5298

Airgas
2015 Vaughn Road, Building 400
Kennesaw, Georgia 30144-7802

Atlanta Dental
1650 Satellite Boulevard
Duluth, Georgia 30097-4910

CT Corporation Systems
As Representative
330 N. Brand Boulevard, Suite 700
Glendale, California 91203-2336

Cheng Crowns
Post Office Box 5001
Exton, Pennsylvania 19341-5001

Ally Financial
Post Office Box 380901
Minneapolis, Minnesota 55438-0901

Corporation Service Company
As Representative
Post Office Box 2576
Springfield, Illinois 62708-2576

DAL
Post Office Box 162
Clifton Heights, PA 19018-0162

Hammond Heating & Air
644 E. McIntosh Road
Griffin, Georgia 30223-1299

Innovative Energy Solutions
575 Anton Boulevard, 12th Floor
Costa Mesa, California 92526-7169

LEAD Capital Funding, LLC
1 Commerce Square
2005 Market Street
Philadelphia, Pennsylvania 19103-7042

Darby Dental Supply
300 Jericho Quadrangle L1
Jericho, New York 11753-2700

IKUKA Capital
162 Elmore Avenue
Elizabeth, New Jersey 07202-1148

Legend Advance Funding II
767 3rd Avenue, 32nd Floor
New York, New York 10038-5178

Lona Bibbs-Walker
193 Stanley Road
Fayetteville, Georgia 30124-1101

Financial Pacific Leasing, Inc.
Post Office Box 4568
Federal Way, Washington 98063-4568

Georgia Department of Community Health
Attention: Rachel King
2 Peachtree Street, 40th Floor
Atlanta, Georgia 30303-3141

Citibank
Post Office Box 790034
St. Louis, Missouri 63179-0034

Jeffrey Schaefer
Lease Direct
Post Office Box 6980
Wayne, Pennsylvania 19087-8701

Dell Financial Services, LLC
MS-PS2DF-23
One Dell Way
Round Rock, Texas 78682-0001

General Electric Capital Corp.
901 Main Avenue
Norwalk, Connecticut 06851-1168

Internal Revenue Service
Post Office Box 7346
Philadelphia, Pennsylvania 19101-7346

LiftForward, Inc.
180 Maiden Lane
10th Floor
New York, New York 10038-5178

De Lage Landen Financial
111 Old Eagle School Road
Wayne, Pennsylvania 19087-1453

Gregory John, CEO
Aquinas Capital Funding
True Advance, Inc.
2 University Plaza, Suite 100
Hackensack, New Jersey 07601-6210

Henry Schein
1225 Old Alpharetta Road, Suite 280
Alpharetta, Georgia 30005-2909

Kitchens Kelley Gaynes, PC
Glenridge Highlands One
555 Glenridge Connector, Suite 800
Atlanta, Georgia 30342-4728

MCA Recovery, LLC
Zachary Chsin
17 State Street, Suite 400
New York, New York 10004-1508

Mr. Advance Capital, LLC
116 Nassau Street, Suite 804
New York, New York 10038-2481

Pawnee Leasing Corporation
Attention: Sandi Car
3801 Automation Way
Suite 207
Fort Collins, Georgia 80525-5735

Stearns Bank, NA
500 13th Street
Albany, Minnesota 56307-6401

My Dental Career & Staffing
193 Stanley Road
Fayetteville, Georgia 30214-1101

Opportunity Fund Community
      Development
111 W. Saint John Street
Suite 800
San Jose, California 95113-1121

Jeffrey Quinn
1017 Edmonds Avenue
Post Office Bos 596
Drexel Hill, Pennsylvania 19026-0596

Lien Solutions
Post Office Box 29071
Glendale, California 91209-9071

Jeremy Thomas McCullough
Aldridge Pite Haan LLP
Post Office Bos 52815
Atlanta, Georgia 30355-0815

PRA Receivables Management, LLC
Post Office Box 41020
Norfolk, Virginia 23541-1021

RPM Rewards, LLC
340 Youngs Circle
Fayetteville, Georgia 30215-7816

Melissa Lommel
500 13th Street
Post Office Box 750
Albany, Minnesota 56307-0750

NuLink
2-A Jackson Street
Newnan, Georgia 30263

PW Funding, LLC
3300 Highlands Parkway
Suite 290
Smyrna, Georgia 30082-7252

Payroll Funding Company
10785 W. Twain Avenue, Suite 200
Las Vegas, Nevada 89135-3028

Synchrony Bank
c/o PRA Receivables Management, LLC
Post Office Box 41021
Norfolk, Virginia 23451-1021

Office Depot
6600 N. Military Trail
Bankruptcy Processing
Boca Raton, Florida 33496-2434

Patterson Dental
1775 W. Oak Parkway, #500
Marietta, Georgia 30062-2267

Stearns Bank National Association
Attention: Legal Department
4191 2nd Street South
St. Cloud, Minnesota 56301-3761

US Securities and Exchange Commission
Office of Reorganization
950 E. Paces Ferry Road, NE
Suite 900
Atlanta, Georgia 30326-1382

World Business Lending
101 Hudson Street
33rd Floor
Jersey City, New Jersey 07302-3905

Viva Healthcare Funding, LLC
8981 Castner Drive, Suite E
El Paso, Texas 79907-1833

Wells Fargo Bank, N.A.
Post Office Box 13000
Raleigh, North Carolina 27605-1000

Secretary of the Treasury
15th & Pennsylvania Avenue
Washington, DC 20200

Mark Good
7415 Elgeberry Street, Suite 102
Gilroy, California 95020-5752

Oral Orthodontic Lab
109 Elliott Industrial Drive
Woodstock, Georgia 30189-7210

Quench Water
630 Allendale Road, Suite 200
King of Prussia, Pennsylvania 19406-1695

Total Merchant Resources
377 Hoes Lane, Suite 240
Piscataway, New Jersey 08854-4138

Wells Fargo Dealer Services
Post Office Box 997517
Sacramento, California 95899-7517

United Health Care
All Savers
Post Office Box 31375
Salt Lake City, Utah 84131-0375

United Healthcare Insurance Company
185 Asylum Street 03B
Attention: CDM Bankruptcy
Hartford, Connecticut 06103-3402